## Buechley et al. v. Kenney et al.

*Decedents' estates—Distribution—Retransfer of securities distributed—Jurisdiction, O. C.*

1. Where an executor has had transferred to the legatee the stock bequeathed to such legatee standing in the name of the decedent, the executor cannot compel a retransfer of the stock where the necessities of the estate do not require it.

2. Where the assets of an estate have been parted with by a fiduciary in the way of distribution, which the law allows him to make at his own risk, the Orphans' Court has no jurisdiction to order the return of the property or assets so paid out.

3. In such case, if it is necessary, the fiduciary may be surcharged with the value of the assets parted with, but as to the thing itself, and the relation between the giver and receiver, it is a personal matter, unless, perhaps, the necessities of the case may render it otherwise.

Bill in equity. O. C. Schuylkill Co., Jan. T., 1924, No. 2.

*J. W. Moyer*, for plaintiff.

*George M. Roads* and *Cyrus G. Derr*, for defendants.

WILHELM, P. J., Dec. 15, 1924.—This is a bill in equity, filed by William Buechley, Jr., executor of the last will and testament of William Buechley, Sr., and William Buechley, Jr., individually, against Laura B. Kenney and the Safe Deposit Bank of Pottsville, Pa.

The bill sets out that William Buechley, Sr., died on March 1, 1919, leaving to survive him three children, viz., Laura B. Kenney, respondent, Frederick Bryson Buechley and complainant. William, Sr., left a last will and testament, dated Jan. 4, 1919, probated March 5, 1919, in which he appointed the complainant sole executor; and the executor immediately assumed the duties of his office, and found among the assets of the estate sixty-five shares of the capital stock of the Safe Deposit Bank of $50 par value, having a market value of $9750; that the complainant found below the signature of the testator and under the *jurat* a provision in these words: "To my daughter Laura I leave my Safe Deposit Bank stock." In pursuance of said provision, the complainant transferred said bank stock from the name of his testator to the

name of Laura B. Kenney, and caused the certificate of the same to be sent to her by mail, and that Laura B. Kenney promptly notified the bank in writing that she declined to receive the same, and declined to receive any dividends accruing on said stock; that he is informed by counsel, and now avers, that the provision in said last will relating to the bank stock is void and of no effect, and that no title to the said shares vested in Laura B. Kenney, but remained as a part of the residuary estate of said decedent, and as such title passed to complainant individually under and by virtue of said last will and testament, and complainant did not intend making a gift of said stock to the respondent; that on or about May 27, 1923, complainant caused notice in writing to be given to said respondent bank that complainant claimed said stock on behalf of decedent's estate, and that Laura B. Kenney, respondent, has applied to said respondent bank for payment to her of all dividends due and declared on said stock, and asserted title in said stock in herself.

The claimant further avers that on Nov. 14, 1923, Laura B. Kenney, respondent, for herself and acting as attorney-in-fact for Frederick B. Buechley, filed a petition in this court, setting forth that the decedent died intestate as to his personal estate, excepting the provisions in the will for the benefit of Frederick B. Buechley and Laura B. Kenney, praying that the executor be directed to file an account of his administration, and that, if the contention that the testator died intestate as to his personal property should be upheld, the shares of bank stock would be and form a part of the personal estate, and the executor would be chargeable and accountable for the same.

The complainant prays for equitable relief, that the respondents be restrained by injunction from assigning, transferring, encumbering or otherwise disposing of said stock, and that the respondent, Laura B. Kenney, be ordered and directed and decreed to execute an assignment of said capital stock and deliver the same to said complainant, and that the Safe Deposit Bank be restrained from paying the dividends due on said stock to any person excepting the complainant.

The answer of Laura B. Kenney, the respondent, admits practically all of the facts contained in the bill except the position of the bequest to her, and denies that the transfer and sending of the said certificate to her was done in ignorance of any legal right of the complainant or the estate.

The answer asserts, also, that Laura B. Kenney did not unqualifiedly accept the said stock certificate, because she contemplated a proceeding for the contestation of the will of William Buechley, Sr., in a proceeding devisavit vel non, and she asserts that the purpose of the complainant in so promptly transferring the said stock to her name and sending her the certificate was to estop her from contesting the will. She also denies that when complainant transferred said stock, he did not intend to make a gift thereof, and asserts that his intention in transferring the shares was to entrap Laura B. Kenney to accept a benefit under the will and prevent a contest concerning its validity.

Laura B. Kenney, the respondent, also asserts that the complainant made use of the fact of his having so transferred the shares in the issue devisavit vel non in this court and in his argument before the Supreme Court, and "that it was only after he had so got benefit of such transfer in this court and in the Supreme Court that he undertook to repudiate said transfer," and that since the decision in the issue devisavit vel non establishing the validity of the will, Laura B. Kenney, the respondent, has set up the contention that the decedent died intestate as to his personal property, and that the complainant has endeavored to make use of the question raised as to the bank stock to

induce her to relinquish her contest as to the testator's personal property by proposing to withdraw his objection to the transfer of the bank stock and the dividends declared thereon if she would relinquish her claim to the other personal property.

No replication was filed to the answer; therefore, all the averments contained therein must be accepted as true, but some testimony was taken and an argument was proceeded with. The injunction was continued pending the final disposition of the bill.

It may safely be said that the Orphans' Court has jurisdiction, when there is no question that the property is an asset of the estate, to order and direct its return to the estate when it is necessary for the protection of creditors, heirs and legatees: Odd Fellows Savings Bank's Appeal, 123 Pa. 356; Marshall's Estate (No. 2), 138 Pa. 285; Mulholland's Estate, 154 Pa. 491; Williams's Estate, 236 Pa. 259. But no case appears to have laid down the rule that where the assets of an estate have been parted with by a fiduciary in the way of distribution, which the law allows him to make at his own risk, the Orphans' Court has jurisdiction to order the return of the property or assets so paid out. If it is necessary, the fiduciary may be surcharged with the value of the assets parted with, but as to the thing itself and the relation between the giver and receiver, it is a personal matter, unless perhaps the necessities of the case may render it otherwise.

That this is a personal matter between William Buechley, Jr., and Laura B. Kenney, that is, a transaction between two living people, independent of the necessities of the estate of William Buechley, Sr., is evidenced by the fact that William Buechley, Jr., in his individual capacity, is one of the complainants in the bill, and is further evidenced by the fact that he offered to desist from any further prosecution of this proceeding in equity if Laura B. Kenney would agree that his father did not die intestate as to the residue of his personal property, and would not assert and maintain that position in the courts. This offer on the part of William Buechley, Jr., indicates that this proceeding is not instituted in good faith for the mere purpose of recovering assets belonging to the estate of his decedent, but rather to use it as a club to prevent his sister from asserting in the courts a legal right she believes she has under the will, and a court of equity should not lend itself to such practice.

More than four years elapsed between the time of transferring the stock to Laura B. Kenney and William Buechley, Jr.'s, attempt to have it retransferred, and during almost all that time, to wit, from April 19, 1919, to the present time, William Buechley, Jr., executor, has been represented by counsel; and if he innocently transferred the stock in the first instance, he, no doubt, was advised by counsel concerning the bequest of the bank stock to his sister when the inventory and appraisement was filed, to wit, on April 19, 1919, because the bank stock was included in the inventory and appraisement, and the fact that he did transfer the bank stock was stated and reiterated in the issue *devisavit vel non* in this court and in the Supreme Court; therefore, he has asserted for more than four years that the bank stock was the property of his sister. He does not deny the allegation of the sister in her answer, that "his intention in so transferring the shares was to entrap me to accept under the will, and to prevent a contest concerning its validity." If William Buechley, Jr., did use the transfer of the bank stock to entrap his sister, as established by the pleadings, he does not come into this court with clean hands, which is requisite of every litigant in a court of equity.

The estate of William Buechley, Sr., amounts to about $100,000, practically equally divided between real and personal property. The account of the per-

sonal property has been filed and audited, and at the audit it was established that no creditors are claiming against the estate.

The bequest to Frederick Bryson Buechley of $1000 is amply provided for. No other bequests are contained in the will except the bequests to William Buechley, Jr., complainant, and to Laura B. Kenney, respondent.

William Buechley, Jr., complainant, is named as the sole executor of the will and assumed the duties of his office. In pursuance of those duties, he undertook to make a distribution and transferred the sixty-five shares of Safe Deposit Bank stock to his sister, and the certificate of stock is in her name and possession. It is unnecessary that said certificate of stock should be retransferred to the estate for the protection of creditors, heirs or legatees, as found in the decree of distribution filed concurrently herewith, and no one is here complaining except William Buechley, Jr., the party who in his fiduciary capacity assigned the stock.

It appears, therefore, that, under the facts of this case, there is no statutory law which can be invoked to authorize the Orphans' Court to order a retransfer of the stock, and there is no decision of the higher court which says that, where the necessities of the estate do not require it, the Orphans' Court may order a retransfer of the stock: Clinton's Estate, 9 Dist. R. 455.

It is found, therefore, that the Orphans' Court has no jurisdiction to grant the prayer contained in the bill, and the bill should be dismissed, at the cost of the complainant.

And now, Dec. 15, 1924, the injunction heretofore granted is dissolved, the prayer of the complainant is denied and the bill dismissed, at the cost of the complainant.

From M. M. Burke, Shenandoah, Pa.